UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRIAN GOLSBY,

    Plaintiff,

  vs.

ROB JEFFREYS, *et al.*,

    Defendants.

Case No. 1:13-cv-157

Spiegel, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff Brian Golsby, a former inmate at Lebanon Correction Institution (LeCI), brings this action, *pro se*, against Defendants Richard Garrett, Dave Hoffman, Rob Jeffreys, Terry Monroe, Ernie Moore, Rene Reyna, John Saxton and Anthony Watson pursuant to 42 U.S.C. § 1983. Plaintiff is alleging that Defendants, all employees of LeCI, deprived him of Constitutional rights under the Eighth and Fourteenth Amendments to the United States Constitution. (Doc. 1).

This matter is before the Court pursuant to Defendants' motion for summary judgment (Doc. 34); Plaintiff's responses in opposition (Doc. 36, 37); Defendants' reply (Doc. 38) and Plaintiff's sur-replies and supplemental memorandum. (Docs. 39, 40, 41). Also before the Court is Defendants' motion to strike Plaintiff's sur-replies (Doc. 42) and Plaintiff's motion to appoint counsel. (Doc. 43). For the reasons stated below, the undersigned recommends that Defendants' motion for summary judgment be granted and the remaining pending motions be denied as moot.

**I. Factual and Procedural Background**

Plaintiff is a prison inmate currently incarcerated at the Toledo Correctional Institution (ToCI). (Doc. 21). During the events alleged in his Complaint, he was incarcerated at the Lebanon Correctional Institution (LeCI). (Doc. 1, at ¶13). Plaintiff alleges that between October 2012 and January 2013 he faced threats of violence from the Bloods, a prison gang. *Id.* at ¶¶ 14 – 24. During this time, on three separate occasions, Plaintiff was allegedly involved in violent altercations with other inmates. *Id.* at ¶¶ 19, 21, 23.

Plaintiff further alleges that he was not placed in protective custody, but concedes he was moved to different areas of the prison and placed on "no inmate contact." *Id.* at ¶¶ 20– 23. During the relevant period of time, Plaintiff also made use of the prison's grievance process. (Doc. 34, Ex. A, Declaration of Eugene Hunyadi at ¶9). Plaintiff filed five informal complaints, one formal grievance, and one grievance appeal. *Id.* He filed a grievance appeal with the Office of the Chief Inspector on February 14, 2013 and the Chief Inspector issued his response on March 14, 2013. *Id.* at ¶10. Plaintiff filed his civil Complaint on March 7, 2013. (Doc. 1).

Defendants now move for summary judgment based upon Plaintiff's failure to exhaust his administration remedies as required under the Prison Litigation Reform Act (PLRA). Upon careful review, the undersigned finds that Defendants' motion is well-taken and should be granted.

## II. ANALYSIS

### A. Standard of Review

A motion for summary judgment should be granted if the evidence submitted to the court demonstrates that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party must demonstrate the absence of genuine disputes over facts which, under the substantive law governing the issue, could affect the outcome of the action. *Celotex Corp.*, 477 U.S. at 323.

In response to a properly supported summary judgment motion, the non-moving party "'is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial.'" *Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989) (quoting *Sixty Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)). The Court must evaluate the evidence, and all inferences drawn therefrom, in the light most favorable to the non-moving party. *Matsushita Elec. Industrial Co., Ltd. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Satterfield v. Tennessee,* 295 F.3d 611, 615 (6th Cir. 2002); *Little Caesar Enterprises, Inc. v. OPPC, LLC*, 219 F.3d 547, 551 (6th Cir. 2000).

If, after an appropriate time for discovery, the opposing party is unable to demonstrate a prima facie case, summary judgment is warranted. *Street*, 886 F.2d at 1478 (citing *Celotex* and *Anderson*). A principal purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex,* 477 U.S. at 323-24. The moving party need not support its motion with evidence disproving the

opposing party's claims. Rather, the moving party need only point out there is an absence of evidence supporting such claims. *Hartsel v. Keys,* 87 F.3d 795, 799 (6th Cir. 1996) (citing *Celotex Corp.,* 477 U.S. at 325). Nor must the Court search the entire record for material issues of fact. *Street*, 886 F.2d at 1479-80. The court need only determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**B. Defendant's motion for Summary Judgment is Well-taken**

*1. Applicable Law*

The Prison Litigation Reform Act of 1995 ("PLRA") requires prisoners bringing civil rights claims in federal court to exhaust all available administrative remedies prior to filing suit in federal court:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Jones v. Bock*, 549 U.S. 201, 204 (2007). It is well settled that "exhaustion is mandatory under the PLRA and unexhausted claims cannot be brought in court." *Jones*, 549 U.S. at 211 (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)); *see also Woodford v. Ngo*, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory."). In *Woodford*, the Supreme Court held that in

4

order to properly exhaust their administrative remedies, prisoners must "complete the administrative review process in accordance with the applicable procedural rules," as defined by the prison grievance process. *Woodford*, 548 U.S. at 88. An inmate must "exhaust administrate remedies even where the relief sought – monetary damages – cannot be granted by the administrative process." *Id.* (citing *Booth v. Churner*, 532 U.S. 731, 734 (2001)). "In a claim by a prisoner, failure to exhaust administrative remedies under the PLRA is an affirmative defense that must be established by the defendants." *Napier v. Laurel County, Ky.*, 636 F.3d 218, 225 (6th Cir. 2011) (citing *Jones*, 549, U.S. at 204).

Ohio Admin. Code § 5120-9-31 sets forth the inmate grievance procedure, which is comprised of three consecutive steps. First, an inmate must file an informal complaint within fourteen calendar days of the event giving rise to the complaint. Second, if the inmate is dissatisfied with the response to the informal complaint, the inmate must file a notification of grievance with the inspector of institutional services within fourteen calendar days from the date of the informal complaint response. Finally, if the inmate is dissatisfied with the disposition of the grievance, a request for appeal must be filed to the office of the chief inspector within fourteen days of the disposition of the grievance. The chief inspector's office may extend the time in which to respond to the notification of grievance and appeal "for good cause, with notice to the inmate." *See* Ohio Admin. Code §§ 5120-9-31(K)(1)-(3).

> 2. *Plaintiff filed the instant action before fully exhausting his administrative remedies.*

As noted above, Plaintiff alleges that other inmates began threatening him in late October 2012. (Doc. 1 at ¶14). Plaintiff then filed a trio of informal complaints about the

problem from November 18, 2012 through January 21, 2013. (Doc. 34, Ex. A at 6 – 8). He then filed a formal grievance on January 30, 2013. *Id.* at 11. The formal grievance was primarily about the alleged failure of unnamed staff members to respond to informal complaints Plaintiff had filed concerning the threat to his safety. *Id.* On February 5, 2013, the institutional inspector responded to Plaintiff's grievance addressing both his concerns about his safety and his issues about responses to his informal complaints. *Id.* at 12. On February 14, 2013, Plaintiff filed a grievance appeal. (*See* Doc. 34, Hunyadi Declaration at ¶10; *see also* Doc. 34, Ex. A at 13). Under Ohio Administrative Code 5120-9-31, which governs the grievance process, the ODRC's Chief Inspector's Office had until March 16, 2013 to respond to Plaintiff's grievance appeal. The Chief Inspector's Office response was issued on March 14, 2013. Plaintiff's Complaint was filed on March 7, 2013, seven days before the ODRC's administrative process had run its course.

Accordingly, Plaintiff failed to exhaust his administrative remedies prior to filing suit and his complaint is therefore subject to dismissal. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) ("[W]e must dismiss plaintiff's complaint because he filed his federal complaint before allowing the administrative process to be completed."); *see also Page v. Howard*, No. C-1-09-599, 2010 WL 3895088, at *2 (S.D. Ohio Sept. 7, 2010) ("An inmate does not exhaust his remedies under § 5120-9-31 until he has received a decision in an appeal to the office of the Chief Inspector."), *adopted*, 2010 WL 3985068 (S.D. Ohio Oct. 1, 2010); *Sudberry v. Thomas*, No. C-1-08-208, 2009 WL 3698411, at *4 (S.D. Ohio Nov. 5, 2009) (same); (Doc. 71, Attachment 1, p. 2) (same).

Plaintiff argues that he exhausted his administrative remedies. More specifically,

he contends that prison officials failed to timely respond to his properly filed grievance. Plaintiff maintains that he filed the grievance appeal on February 6, 2013 and therefore ODRC's Chief Inspector owed him a response by March 8, 2013. (Doc. 36 at 1). However, it is undisputed that Plaintiff filed his Complaint with the Court on March 7, 2013, before he received a response from the Chief Inspector. (See Doc. 1). Thus, Plaintiff filed his federal civil suit prior to the expiration of time for the chief inspector to provide a written response under § 5120-9-31(K)(3) even by Plaintiff's calculation. By filing prior to the completion of the administrative process petitioner denied "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case," *Woodford*, 548 U.S. at 93 (quoting *Porter*, 534 U.S. at 525), and his complaint must be dismissed. *See Freeman*, F.3d at 645; *see also Larkins v. Wilkinson*, No. 97-4183, 1998 WL 898879, at *2 (6th Cir. Dec. 17, 1998) (finding that plaintiff's attempt to exhaust remedies after filing federal suit "ignores the clear mandate of § 1997e(a) which requires exhaustion of available administrative remedies *prior* to filing suit in federal court") (emphasis in original).

Plaintiff further argues that that the PLRA"s exhaustion requirement is stayed if an inmate-plaintiff seeks preliminary injunctive relief.[1] (Doc. 37 at 2). Citing *Jackson v. District of Columbia*, 245 F.3d 262 (D.D.C. 2001), Plaintiff argues that the Court can "protect prisoners with a preliminary injunction while the court waits for them to exhaust grievance procedures." *Id*. However, as noted by Defendants, in *Jackson*, the Court stated, "[t]he district court therefore had no need to recognize an irreparable injury exception to the PLRA's exhaustion requirement; the court had inherent power to

---

[1] Plaintiff did not actually file a formal motion for preliminary injunctive relief with his Complaint. In the section of the Complaint that addresses his requested relief, Plaintiff does state that he is seeking "a preliminary and permanent injunction . . ." (Doc. 1 at ¶30).

protect the prisoners while they exhausted prison grievance procedures." *Jackson*, 254 F.3d at 268. Moreover, the section that Plaintiff cites is dicta. Ultimately, the *Jackson* Court upheld the District Court's finding that under the PLRA the inmates were required to exhaust their administrative remedies prior to filing a civil action. *Id.* at 270. In light of the foregoing, the undersigned finds Plaintiff's argument insufficient to survive Defendants' motion for summary judgment.

In sum, the Court finds that Plaintiff failed to exhaust his administrative remedies prior to filing the instant action. Upon review of the entire record in the light most favorable to Plaintiff, the Court finds no genuine issue as to any material fact and Defendants' motion for summary judgment (Doc. 34) should be **GRANTED**.

### III. Conclusion

 **IT IS THEREFORE RECOMMENDED THAT** Defendants' motion for summary judgment (Doc. 34) be **GRANTED** and Plaintiff's complaint be **DISMISSED without prejudice. IT IS FURTHER RECOMMENDED THAT** the remaining pending motions (Docs. 35, 42, 43) be **DENIED as MOOT** and this matter be **TERMINATED** on the active docket of the Court.

   s/ Stephanie K. Bowman  
Stephanie K. Bowman  
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

BRIAN GOLSBY,

      Plaintiff,

vs.

ROB JEFFREYS, *et al.*,

      Defendants.

Case No. 1:13-cv-157

Spiegel, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).